IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
*In re:* : Chapter 15
: 
**ESSAR STEEL ALGOMA INC.,** *et al.,*[1] : Case No. 15–12271 (BLS)
: 
: 
Debtors in a foreign proceeding. : (Jointly Administered)
: 
------------------------------------------------------------ x
: 
*In re*: : Chapter 15
: 
**ALGOMA HOLDINGS B.V.** : Case No. 15– _____ (     )
: 
Debtor in a foreign proceeding. : 
: 
Chamber of Commerce No. 34241679 : 
(Netherlands) : 
------------------------------------------------------------ x

MOTION OF FOREIGN REPRESENTATIVE
FOR ENTRY OF ORDER DIRECTING CERTAIN ORDERS
IN CHAPTER 15 CASES OF ESSAR STEEL ALGOMA
INC., *ET AL.* BE MADE APPLICABLE TO ALGOMA HOLDINGS
B.V. PURSUANT TO SECTION 105(a) OF BANKRUPTCY CODE

Essar Steel Algoma Inc. ("**Algoma Canada**"), in its capacity as the foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, "**Algoma**" or the "**Debtors**"), including Algoma Canada, Essar Steel Algoma Inc. USA, Essar Steel Algoma (Alberta) ULC, Essar Tech Algoma Inc., and Cannelton Iron Ore Company (collectively, the "**Original Debtors**"), and Algoma Holdings B.V. ("**Holdings BV**"), who have filed applications

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, or Provincial Corporation Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), and Cannelton Iron Ore Company (9965). The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

in a foreign proceeding (the "**CCAA Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**"), respectfully represent:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. These cases have been properly commenced pursuant to 11 U.S.C. § 1504 by the filing of petitions for recognition of the CCAA Proceeding pursuant to 11 U.S.C. § 1515 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District* of *Delaware* (the "**Local Rules**"), Algoma consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

## Background

4. On November 9, 2015, the Original Debtors commenced the CCAA Proceeding in the Canadian Court and the Canadian Court issued an order that same day granting certain relief in connection with the CCAA Proceeding (the "**CCAA Initial Order**"). On that same day (the "**Original Debtors' Commencement Date**"), the Foreign Representative commenced chapter 15 cases in the United States for the Original Debtors by filing, among other

things, verified chapter 15 petitions seeking recognition by the Court of the CCAA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code.

5. On November 10, 2015, this Court entered an order authorizing the joint administration of the Original Debtors' chapter 15 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") and Local Rule 1015-1. *See In re Essar Steel Algoma Inc.*, No. 15-12271 (BLS) (Bankr. D. Del. Nov. 10, 2015) [D.I. 32].

6. On November 10, 2015, this Court granted provisional recognition of the CCAA Proceeding and certain other provisional relief. *See Provisional Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of Bankruptcy Code* [D.I. 30]. The motion seeking a final order granting recognition of the CCAA Proceeding and related relief (the "**Final Recognition Order**") is currently pending and scheduled to be heard on December 2, 2015.

7. On November 19, 2015, Holdings BV filed an application under the CCAA, and the Canadian Court entered an order (the "**Amended and Restated CCAA Initial Order**") on November 20, 2015 granting certain relief in respect of Holdings BV and the other Debtors in connection with the CCAA Proceeding.

8. On the date hereof (the "**Holdings BV Commencement Date**"), the Foreign Representative commenced a voluntary chapter 15 case on behalf of Holdings BV by filing a verified chapter 15 petition seeking recognition by the Court of the CCAA Proceeding as the foreign main proceeding with respect to Holdings BV under chapter 15 of the Bankruptcy Code. The Foreign Representative also filed a motion seeking the joint administration of Holdings BV's chapter 15 case with the chapter 15 cases of the Original Debtors for procedural purposes only.

9.  Holdings BV is an affiliate of the Original Debtors. Holdings BV does not have any assets other than its equity interests in Algoma Canada and, as set forth in the *Declaration of J. Robert Sandoval in Support of (I) Verified Chapter 15 Petitions; (II) Foreign Representative's Motion for Orders Granting Provisional and Final Relief in Aid of Foreign Main Proceeding; and (III) Certain Related Relief* [D.I. 6] (the "**Sandoval Declaration**"), is a guarantor of certain of Algoma's prepetition debt. In addition, Holdings BV is a party to that certain *Senior Secured, Priming and Superpriority Debtor-In-Possession Amended and Restated Credit Agreement*, dated November 9, 2015 and amended and restated on November 13, 2015 ("**DIP Credit Agreement**") and is required under the DIP Credit Agreement to become an applicant in the CCAA Proceeding and to commence a chapter 15 case in this Court.

**Relief Requested**

10.  Pursuant to section 105(a) of the Bankruptcy Code, the Foreign Representative seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), directing that (a) all generally applicable orders previously entered in the Original Debtors' chapter 15 cases, including, without limitation, the (i) *Provisional Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* [D.I. 30], (ii) *Order Authorizing the Foreign Representative to File a Consolidated List of Foreign Proceeding Administrators, Litigation Parties, and Entities Against Whom Provisional Relief is Sought Pursuant to Section 105(a) of Bankruptcy Code and Bankruptcy Rule 10007(a)(4)* [D.I. 33],[2] (iii) *Order Scheduling Hearing and Specifying Form and Manner of Service of Notice Pursuant to Sections 1515 and 105(a) of Bankruptcy Code and Bankruptcy Rules 2002 and 9007*

---

[2] Algoma will be filing an updated Consolidated Rule 1007(a)(4) List to reflect Holdings BV's chapter 15 filing.

[D.I. 34], and (iv) all other applicable administrative and procedural orders, and (b) any generally applicable proposed orders pending before the Court in the Original Debtors' chapter 11 cases, with the exception of the Final Recognition Order (collectively, the "**Preexisting Orders**"),[3] be made applicable to the recently filed chapter 15 case of Holdings BV.  The relief set forth in each of such orders is necessary for Holdings BV to experience a smooth transition into chapter 15 with a minimum of delay, cost, and expense for the benefit of all parties in interest

11. Specifically, the Foreign Representative seeks to have (a) those orders previously entered in the Original Debtors' chapter 15 cases applied to Holdings BV, effective *nunc pro tunc* to the Holdings BV Commencement Date, and (b) any orders, with the exception of the Final Recognition Order, entered after the Holdings BV Commencement Date on motions that were pending in the Original Debtors' jointly administered cases on or before the Holdings BV Commencement Date applied to Holdings BV effective as of the date of entry of any such orders.  In other words, the Foreign Representative seeks application of the Preexisting Orders as if Holdings BV was among the "Debtors" defined within each such order, with the limited exception that such previously entered orders, as applied to Holdings BV, be effective as to Holdings BV as of the Holdings BV Commencement Date.

12. Pursuant to section 1517 of the Bankruptcy Code, an order recognizing a foreign proceeding may only be entered after notice and a hearing.  11 U.S.C. § 1517(a). Pursuant to Bankruptcy Rule 2002(q), the notice period must be at least twenty-one (21) days. Fed. R. Bankr. P. 2002(q).  The Foreign Representative is seeking application of the Final Recognition Order, which is scheduled to be heard on December 2, 2015 subject to compliance

---

[3] As of the date hereof, Algoma is not aware of any pending proposed orders other than the Final Recognition Order; however, Algoma has requested such relief out of an abundance of caution in the event any applicable pleadings are filed prior to this Court granting the relief sought in the Proposed Order.

with the Rule 2002(q). Accordingly, Holdings BV seeks relief to establish a procedure that provides for the 21-day notice required under Rule 2002(q). Specifically, in the event the Final Recognition Order is entered prior to the expiration of the 21-day notice period with respect to Holdings BV, the Foreign Representative will submit under certification of counsel a supplemental order, substantially in the form attached to the Proposed Order as **Exhibit 1**, directing the Final Recognition Order be made applicable to Holdings BV's chapter 15 case at such time when the Rule 2002(q) notice requirements have been satisfied. To the extent there are unresolved objections to application of the Final Recognition Order, the Foreign Representative requests that the Court establish a hearing to consider application of the Final Recognition Order to Holdings BV on a date no less than 21 days from the date of service of the Holdings BV Recognition Notice.[4]

    13.  In support of this Motion, the Foreign Representative refers the Court to the statements and arguments contained in the (a) Sandoval Declaration, (b) *Declaration of John Ciardullo in Support of Verified Chapter 15 Petitions and Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding* [D.I. 7] (the "**Ciardullo Declaration**"), (c) *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Section 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of Bankruptcy Code* [D.I. 8] (the "**Recognition and Relief Motion**"), and (d) *Memorandum of Law of Foreign Representative in Support of (I) Verified Chapter 15 Petitions; and (II) Motion of Foreign*

---

[4] Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve a notice, substantially in the form of the Recognition Hearing Notice approved by this Court in the *Order Scheduling Hearing and Specifying Form and Manner of Service of Notice Pursuant to Sections 1515 and 105(a) of Bankruptcy Code and Bankruptcy Rules 2002 and 9007* [D.I. 34], which will include information on (a) the commencement of Holdings BV's chapter 15 case, (b) the proposed certification of counsel procedure with respect to the application of the Final Recognition Order to Holdings BV described herein, and (c) the objection deadline and hearing date (if necessary) to consider application of the Final Recognition Order to Holdings BV (the "**Holdings BV Recognition Notice**").

*Representative for Orders Granting Provisional and Final Relief in Aid of Foreign Main Proceeding* [D.I. 9] (the "**Memorandum of Law**"), which were all filed on November 9, 2015 and are incorporated herein by reference.

### Relief Requested Should be Granted

14. Section 105(a) of the Bankruptcy Code provides, in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See*, *e.g.*, *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *Bird v. Crown Convenience (In re NWFX, Inc.)*, 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principles govern."); *In re Cooper Properties Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("The Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

15. The relief set forth in the Preexisting Orders and the Final Recognition Order is necessary to facilitate a smooth transition into chapter 15 and to maximize the value of Holdings BV's estate for the benefit of all parties in interest. The entry of an order directing that the Preexisting Orders be made applicable to Holdings BV's chapter 15 case will obviate the need for duplicative notices, motions, applications, affidavits and orders to be filed in Holdings BV's chapter 15 case. The Foreign Representative simply seeks to save time and expense to the estates and to reduce the burden on the Court and parties in interest by proceeding in this

manner. Holdings BV requires the protections and authorizations that are set forth in the Preexisting Orders to enter chapter 15 in an orderly manner and to maintain its ability to reorganize successfully. Accordingly, if this Motion is not granted, Holdings BV would need to seek substantially the same substantive relief granted in the Preexisting Orders because those orders address matters that all debtors encounter in chapter 15 cases.

16. Had Holdings BV filed a chapter 15 petition at the same time as the Original Debtors, it would have been a movant with respect to the Preexisting Orders and the Final Recognition Order. By proceeding in the manner set forth in this Motion, the Foreign Representative seeks to streamline the motion practice for requesting such relief, while at the same time providing the same requisite facts and justification for such relief as if Holdings BV had filed such motions

## Notice

17. Notice of this Motion shall be given by the Foreign Representative to the following parties, or their counsel, if known: (a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) principal parties that have appeared in the CCAA Proceeding as of the date of service of the relevant pleading; (c) the Office of the United States Trustee for the District of Delaware; (d) White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787 (Attn: Scott Greissman, Esq. and Andrew Ambruoso, Esq.) and Fox Rothschild LLP, 919 North Market Street, Suite 300, Wilmington, DE 19801 (Attn: Jeffrey M. Schlerf, Esq. and John H. Strock, Esq.), counsel to Deutsche Bank AG, New York Branch, in its capacity as administrative and collateral agent under that certain Prepetition Term Loan Agreement, and to Deutsche Bank AG, Canadian Branch, in its capacity as administrative and collateral agent under that certain Prepetition Revolving ABL Facility; (e) Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, New York, NY 10007, counsel to

Wilmington Trust, National Association, as trustee and collateral agent for the 9.5% Senior Secured Notes and the 14% Junior Secured PIK Notes; (f) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Alan W. Kornberg, Esq., Brian Hermann, Esq., Catherine Goodall, Esq., and Kellie A. Cairns, Esq.) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq. and Maris J. Kandestin, Esq.), counsel to the ad hoc group of noteholders of the 9.5% Senior Secured Notes; (g) Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801 (Attn: Stanley Tarr, Esq.), and Cassels Brock & Blackwell LLP, 2100 Scotia Plaza, 40 King Street West, Toronto, Ontario, M5H 3C2 (Attn: Ryan C. Jacobs), counsel to the ad hoc group of noteholders of the 14% Junior Secured PIK Notes; (h) Davis Polk & Wardwell, LLP, 450 Lexington Avenue, New York, NY, 10017 (Attn: Damian Schaible, Esq., Kenneth J. Steinberg, Esq. and Christopher Robertson, Esq.) and Fox Rothschild LLP, 919 North Market Street, Suite 300, Wilmington, DE 19801 (Attn: Jeffrey M. Schlerf, Esq. and John H. Strock, Esq.), counsel to certain Prepetition Term Loan Lenders; (i) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Gerard Uzzi, Esq.), counsel to Essar Global Fund Limited; (j) Ernst & Young Inc., 222 Bay Street, Toronto, Ontario M5K 1J7 (Attn: Brian M. Denega), the Monitor in the CCAA Proceeding; (k) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, Esq., Debra I. Grassgreen, Esq. and Jason H. Rosell, Esq.) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Joseph M. Mulvihill, Esq.), counsel to Ernst & Young Inc., the Monitor in the CCAA Proceeding; (l) the Office of the Delaware Secretary of State; (m) the Internal Revenue Service; (n) the Securities and Exchange Commission; (o) all known creditors of Holdings BV; and (p) any party that has

requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

### No Prior Request

18. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Foreign Representative respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 20, 2015
      Wilmington, Delaware

*/s/ Amanda R. Steele*
RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
Email:  defranceschi@rlf.com
Email:  steele@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP

Ray C. Schrock, P.C. (admitted *pro hac vice*)
Matthew S. Barr (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  ray.schrock@weil.com
Email:  matt.barr@weil.com

*Attorneys for the Foreign Representative*

## **EXHIBIT A**

**Proposed Order**

RLF1 13416685V.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
                                                              :
In re:                                                        :   Chapter 15
                                                              :
ESSAR STEEL ALGOMA INC., et al.,[1]                           :   Case No. 15–12271 (BLS)
                                                              :
                                                              :
      Debtors in a foreign proceeding.                        :   (Jointly Administered)
                                                              :
------------------------------------------------------------- x
                                                              :
In re:                                                        :   Chapter 15
                                                              :
ALGOMA HOLDINGS B.V.                                          :   Case No. 15– _____ (    )
                                                              :
      Debtor in a foreign proceeding.                         :
                                                              :
Chamber of Commerce No. 34241679                              :
(Netherlands)                                                 :
------------------------------------------------------------- x
```

**ORDER DIRECTING CERTAIN ORDERS IN CHAPTER 15 CASES
OF ESSAR STEEL ALGOMA INC., *ET AL.* BE MADE APPLICABLE TO ALGOMA
HOLDINGS B.V. PURSUANT TO SECTION 105(a) OF BANKRUPTCY CODE**

Upon the motion (the "**Motion**")[2] of Essar Steel Algoma Inc. ("**Algoma Canada**"), the foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, "**Algoma**" or the "**Debtors**"), for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") directing that certain orders entered in the chapter 15 cases of the Original Debtors be made applicable to Holdings BV (the "**Order**"), all as more fully described in the Motion; and this Court having jurisdiction to

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, or Provincial Corporation Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), and Cannelton Iron Ore Company (9965). The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 13416685V.1

consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and Algoma having consented to the Court's authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Sandoval Declaration, Ciardullo Declaration, Recognition and Relief Motion, and Memorandum of Law, filed on the Original Debtors' Commencement Date, the record of the Hearing and all of the proceedings had before the Court; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. Other than as explicitly set forth in this Order, all of the orders that have previously been entered in the cases being jointly administered under Case No. 15-12271 (BLS) and that are applicable to the chapter 15 cases of the Original Debtors shall be applicable to Holdings BV, *nunc pro tunc* to the Holdings BV Commencement Date.

3. Any and all generally applicable orders entered after the Holdings BV Commencement Date on motions that were pending in the Original Debtors' jointly administered cases on or before the Holdings BV Commencement Date, with the exception of the Final Recognition Order, are applicable to Holdings BV as of the date of entry of such orders.

4.      Upon satisfaction of Bankruptcy Rule 2002(q)'s 21-day notice requirement and upon all objections, if any, having been resolved, the Foreign Representative is authorized to submit a supplemental order, substantially in the form attached hereto as **Exhibit 1**, directing that the Final Recognition Order be made applicable to Holdings BV.

5.      The hearing, if required, to consider application of the Final Recognition Order to Holdings BV shall be held on _____, 2015 at _____:00 [a.m.]/[p.m.] (**Prevailing Eastern Time**), and any objections to entry of such order shall be in writing, filed with the Court, and served upon (i) counsel to Algoma and (ii) the Notice Parties, in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on _____, 2015**.

6.      The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
     Wilmington, Delaware

                                                        _____
                                                        HONORABLE BRENDAN L. SHANNON
                                                        CHIEF UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Proposed Supplemental Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
:
*In re:* : Chapter 15
:
**ESSAR STEEL ALGOMA INC.,** *et al.,*[1] : Case No. 15–12271 (BLS)
:
:
Debtors in a foreign proceeding. : (Jointly Administered)
:
------------------------------------------------------------- x
:
*In re*: : Chapter 15
:
**ALGOMA HOLDINGS B.V.** : Case No. 15– _____ (     )
:
Debtor in a foreign proceeding. :
:
Chamber of Commerce No. 34241679 :
**(Netherlands)** :
------------------------------------------------------------- x

**SUPPLEMENTAL ORDER DIRECTING FINAL
RECOGNITION ORDER IN CHAPTER 15 CASES OF ESSAR
STEEL ALGOMA INC.,** *ET AL.* **BE MADE APPLICABLE TO ALGOMA
HOLDINGS B.V. PURSUANT TO SECTION 105(a) OF BANKRUPTCY CODE**

Upon the motion, dated November 20, 2015 (the "**Motion**"),[2] of Essar Steel Algoma Inc. ("**Algoma Canada**"), the foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, "**Algoma**" or the "**Debtors**"), for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") directing that certain orders entered in the chapter 15 cases of the Original Debtors be made applicable to

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, or Provincial Corporation Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), and Cannelton Iron Ore Company (9965). The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Holdings BV, all as more fully described in the Motion; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and Algoma having consented to the Court's authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing, if necessary, having been held to consider the relief requested in the Motion (the "**Hearing**"); and the Foreign Representative's counsel having certified that the notice requirements of Bankruptcy Rule 2002(q) have been satisfied, and all objections received if any, have been resolved; and this Court having entered the *Order Directing Certain Orders in Chapter 15 Cases of Essar Algoma, Inc., et al. Be Made Applicable to Algoma Holdings B.V. Pursuant to Section 105(a) of Bankruptcy Code* [D.I. __]; and upon the Sandoval Declaration, Ciardullo Declaration, Recognition and Relief Motion, and Memorandum of Law, filed on the Original Debtors' Commencement Date, the record of the Hearing and all of the proceedings had before the Court; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED that;

1. The Motion is granted as further set forth herein.

2. The Final Recognition Order, dated December ___, 2015 [D.I __] shall be applicable to Holdings BV as of the date of this Order.

2

3. This Order supplements the *Order Directing Certain Orders in Chapter 15 Cases of Essar Algoma, Inc., et al. Be Made Applicable to Algoma Holdings B.V. Pursuant to Section 105(a) of Bankruptcy Code* [D.I. __] and nothing in this order shall modify or supersede the relief granted therein.

4. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
      Wilmington, Delaware

          HONORABLE BRENDAN L. SHANNON
          CHIEF UNITED STATES BANKRUPTCY JUDGE